# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| RHONDA BOWER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>    Defendant. | Case No.: 17-cv-1683<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Rhonda Bower is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Phillips & Cohen Associates, Ltd. ("Phillips") is a foreign corporation with its principal offices located at 1002 Justison Street, Wilmington, DE 19801.

6. Phillips is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Phillips is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Phillips is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On September 25, 2017, Phillips called Plaintiff's cellular telephone and left a voicemail message regarding an alleged debt owed to "BMO Harris Bank N.A." ("BMO Harris").

9. Upon information and belief, the alleged debt that Phillips was attempting to collect was a personal credit card account, used only for personal, family, or household purposes.

10. 15 U.S.C. § 1692g(a) requires debt collectors to provide a written notice including certain information to consumers within five days of the initial contact with the consumer:

> **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

11. Upon information and belief, Phillips did not send a written communication containing a debt validation notice to Plaintiff within five days of the September 25, 2017 phone call.

12. Plaintiff reviews her mail personally every day. She does not dispose of collection letters, but brings them to her attorneys.

13. Plaintiff had lived at her current address for more than one year before the September 25, 2017 phone call. She had not moved residences and was not in the process of moving in September 2017.

14. Moreover, Plaintiff has been involved in several other billing and collection disputes. As a result, she is careful not to dispose of any mail that could be relevant to those disputes.

15. If Phillips had mailed a collection letter to Plaintiff, she would have received it and brought it to her attorneys.

16. There is no requirement that a consumer make a showing of materiality for a debt collector's failure to comply with 15 U.S.C. § 1692g(a). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

17. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, Phillips's misrepresentation is a material false statement.

18. The debt validation notice informs consumers of their rights under 15 U.S.C. § 1692g(b), which states:

> **Disputed debts**
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt

3

collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

19. Failing to provide the validation notice interferes with the 30-day period in which the consumer has the right to temporarily stop collection activities. See 15 U.S.C. § 1692g(b).

20. On October 9, 2017, Phillips again called Plaintiff's cellular telephone regarding the alleged debt owed to BMO Harris.

21. On or about October 25, 2017, Phillips mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed "BMO Harris Bank N.A." ("BMO Harris"). A copy of this letter is attached to this complaint as Exhibit A.

22. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. Upon information and belief, Exhibit A is a form debt collection letter used by Phillips to attempt to collect alleged debts.

24. Exhibit A was the first letter Plaintiff received from Phillips regarding the alleged debt.

25. Exhibit A contains the following settlement offer:

> **Interested in reducing your balance?**
> To accept this offer, call us at **866-504-1701** to set-up an approved payment plan. Once all payments are received and clear, you are released from your creditor's debt obligation and collection activity ends.
>
> If you are unable to pay in full or pay the reduced amount, please contact our office to discuss your situation and available solutions. Please notify us of your decision or payment status by **November 24, 2017\***.

4

26. The settlement offer in Exhibit A falsely states or implies that the settlement offer is valid only if accepted by November 24, 2017.

27. Upon information and belief, Phillips had authority from BMO Harris to settle consumers' accounts for 40% of the amount owed, or less, at any time.

28. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

29. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take Phillips of a limited-time opportunity, when in reality, there is no such time limit.

30. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

31. Phillips did not use the safe harbor language in Exhibit A.

32. Plaintiff was confused by Exhibit A.

33. The unsophisticated consumer would be confused by Exhibit A.

34. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

5

35. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of <u>Exhibit A</u>.

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems

important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disPhillipsd, and to promote consistent State action to protect consumers against debt collection abuses").

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

40. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or

7

approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

41. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. Phillips first contacted Plaintiff by telephone on September 25, 2017.

45. Phillips never provided a written debt validation notice to Plaintiff.

46. Phillips sent its first written communication to Plaintiff on or around October 25, 2017. Exhibit A. Exhibit A does not include the FDCPA validation notice.

47. Phillips conduct is misleading and confusing to the unsophisticated consumer, in that the notice of Plaintiff's debt validation rights was never provided. 15 U.S.C. § 1692g(a).

48. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a) and 1692g(b).

## COUNT II – FDCPA

49. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50. Exhibit A includes false statements to the effect that the settlement offer is for a limited time only.

51. Upon information and belief, the creditor and/or Phillips would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

52. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of a class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between November 30, 2016, and November 30, 2017, inclusive, (e) that was not returned by the postal service.

54. The class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

55. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, and whether Defendant complied with 47 U.S.C. § 227(b)(1)(A)(iii).

56. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

58. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

59. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 1, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com